UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**BRAD RAE RICHARDSON**,<br><br>Debtor. | Case No. **18-60011-7** |
| **BRAD RAE RICHARDSON**,<br><br>Plaintiff.<br><br>-vs-<br><br>**WOLF AUTO CENTER and JOHNSON COUNTY SHERIFF**,<br><br>Defendants. | Adv. No. **18-00009-BPH** |

MEMORANDUM of DECISION

At Butte in said District this 23rd day of May, 2018.

Debtor Brad Rae Richardson filed a chapter 7 petition on January 8, 2018.[1] On February 12, 2018, Debtor filed the complaint commencing this adversary proceeding. Debtor amended his complaint on March 6, 2018, and April 2, 2018. *See* ECF Nos. 6 and 25. Debtor's complaint seeks an award of punitive and compensatory damages relating to an alleged violation of the automatic stay by the Defendants, intimidation and unlawful seizure. On April 18, 2018, Debtor

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532. References to "Rules" are to the Federal Rules of Bankruptcy Procedure and to "Civil Rules" are to the Federal Rules of Civil Procedure.

1

filed a motion for summary judgment requesting that the Court enter judgment against Defendant Wolf Auto Center ("Wolf Auto") for the damages demanded in the complaint ("Summary Judgment Motion"). The Summary Judgment Motion contains no citation to legal authority, but recites what Debtor characterizes as 15 uncontroverted facts. Wolf Auto responded with its own submissions, as required under the Rules and LBR 7056-1. Debtor's Summary Judgment Motion is resolved by this Decision.

## BACKGROUND

While the facts are not clear, the parties agree that Debtor worked for Wolf Auto for a short period of time. Debtor found a 2000 Jeep Cherokee and a tool box that he wanted to purchase, but Debtor lacked the financial wherewithal to purchase the Jeep Cherokee or the tool box. Wolf Auto purchased both the Jeep Cherokee and the tool box. Wolf Auto offered to sell the tool box to Debtor for $2,000. Debtor agreed to make monthly payments of $100 toward the purchase of the tool box. Wolf Auto paid Debtor $350.00 on December 28, 2017. That payment appears to reflect a deduction of $100 as payment toward the tool box. ECF No. 20, p. 8 of 10. Debtor filed his bankruptcy petition on January 8, 2018.

In a document titled "We Owe" dated December 28, 2017, the parties agreed that Debtor could have the Jeep Cherokee if Debtor worked for Wolf Auto for six months. ECF No. 44-1. Debtor did not work for Wolf Auto for the agreed six-month period, but on January 19, 2018, Wolf Auto sold the Jeep Cherokee to Debtor. ECF No. 20, p. 6 of 10. Pursuant to a vehicle title issued January 25, 2018, Debtor is listed as the owner of the Jeep Cherokee, subject to the security interest of Wolf Auto Center. *Id.* Wolf Auto seized the Jeep Cherokee and the tool box on February 8, 2018.

**DISCUSSION AND DISPOSITION**

**A. Summary judgment standards**

Civil Rule 56(a), incorporated in this adversary proceeding by Rule 7056, states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *In re Aquaslide "N" Dive Corp.,* 85 B.R. 545, 547 (9th Cir. BAP 1987)). Once that burden has been met, "the opponent must affirmatively show that a material issue of fact remains in dispute." *Frederick S. Wyle P.C. v. Texaco, Inc.,* 764 F.2d 604, 608 (9th Cir.1985). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty U.S.* 242, 247-48, 106 Lobby, Inc. (1986). Instead, to demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible in evidence. *Aquaslide*, 85 B.R. at 547.

The moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.,* 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986).

If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec.*

*Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. Additionally, "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' are inappropriate at the summary judgment stage." *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 861 (9th Cir. 2011) (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). And all justifiable inferences must be drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

**B. Disputed and Undisputed Facts**

Local Bankruptcy Rule 7056-1, which supplements Civil Rule 56 and Rule 7056, requires that a motion for summary judgment be accompanied by a separate statement of uncontroverted facts, setting forth each fact in a separate, numbered paragraph "and shall specify the specific portion of the record where the fact can be found (e.g., affidavit, deposition, etc.)". LBR 7056-1(a)(1). The nonmoving party must respond to each asserted undisputed fact, also by a separate statement and with citation to the record. LBR 7056-1(a)(2).

Here, Debtor's Motion contains a request for summary judgment, and rather than a separate statement of uncontroverted facts, includes in the Motion a section titled "Statement of Uncontroverted Facts." While Debtor's Motion does not comply with this Court's Local Rules, the Court will nonetheless discuss the merits of Debtor's Motion.

Many of Debtor's uncontroverted facts are irrelevant. For instance, Debtor asserts in fact number 1 that Wolf Auto has not complied with this Court's Local Rules by continuing to appear

4

without counsel. While Wolf Auto initially appeared in this adversary proceeding without counsel, Wolf Auto is now represented by attorney Marshal L. Mickelson of Corette Black Carlson & Mickelson. Debtor is correct that under LBR 1074-1 that Wolf Auto must be represented in this adversary proceeding by counsel. The fact that Wolf Auto initially appeared in the adversary proceeding without counsel does not entitle Debtor to summary judgment on his claim that Wolf Auto violated the automatic stay by unlawfully seizing the Jeep Cherokee and tool box. Debtor's fact numbers 2, 3, 4, and 10 contain no facts that would support Debtor's claim for relief.

      Debtor also fails to specify where in the record his uncontroverted facts can be found. For example, in his uncontroverted fact number 11, Debtor alleges that Wolf Auto

> has clearly violated the Auto Stay. The Auto Stay was intended to be broad 11 USC 362(a) and protect the Debtor from all collection activities. The property seized by Wolf Auto Sales and the Johnson County Sheriff were assets of the estate and protected under the Auto Stay. The Debtor was not behind on payments at the time of the seizure.

The forgoing contains legal argument and conclusions, and arguably the factual statement that the property seized by Wolf Auto was property of the estate that was protected by the automatic stay. Debtor, however, fails to identify any portion of the record that would support his assertion that the Jeep Cherokee and tool box were property of the estate on his petition date, and were thus protected by the automatic stay.

      After carefully reviewing the record, the Court cannot conclude that Debtor owned the Jeep Cherokee or the tool box on his January 8, 2018, petition date. The title to Debtor's Jeep Cherokee shows that the Jeep Cherokee was not sold to Debtor until January 19, 2018, which was after Debtor's petition date. As for the tool box, Wolf Auto contends that it agreed that Debtor could have the tool box after he paid $2,000. Wolf Auto contends that until Debtor paid

the $2,000, the Debtor could use the tool box, but the tool box would not belong to Debtor.

Section 362(a) operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The term "property of the estate" includes "all legal or equitable interests of the debtor in property *as of the commencement of the case*." § 541(a)(1) (emphasis added). Despite the temporal limitation in § 541(a)(1), property of the estate also includes certain kinds of property coming into existence after bankruptcy. For example, the estate will also include "any interest in property that the estate acquires after the commencement of the case." § 541(a)(7).

At this stage of the case, the Court cannot conclude as a matter law that the Jeep Cherokee and tool box were property of the estate on January 8, 2018, and Debtor does not allege that the Jeep Cherokee and tool box are not otherwise subject to the temporal limitations of § 541(a)(1). As a consequence, the Court similarly cannot conclude as a matter of law that Wolf Auto has violated the automatic stay.

## CONCLUSION

For the reasons discussed above, the Court will enter a separate order denying Debtor's Motion for Summary Judgment.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana

6